# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELINDA K. THOMAS, CDCR #WG-1550, <br><br> Plaintiff, <br><br> vs. <br><br> JENNIFER ROTH; PARAQ SHAH, <br><br> Defendants. | Case No.: 3:20-cv-0200-JAH-KSC <br><br> **ORDER DISMISSING CIVIL ACTION FOR FAILING TO PREPAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a) OR FILE A MOTION TO PROCEED IN FORMA PAUPERIS** |

Melinda K. Thomas ("Plaintiff"), a state inmate currently housed at the California Institution for Women located in Corona, California and proceeding pro se, has filed this civil rights action ("Compl.") pursuant to 42 U.S.C. § 1983. *See* ECF No. 1.

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time she submitted her Complaint, nor has she filed a Motion to Proceed *In Forma Pauperis* ("*IFP*") pursuant to 28 U.S.C. § 1915(a).

**I.      Failure to Pay Filing Fee or Request *IFP* Status**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed *IFP* pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to file an affidavit that includes a statement of all assets possessed and demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015).

Plaintiff is further cautioned that even if she files an *IFP* Motion and affidavit in compliance with § 1915(a)(2), she will nevertheless remain obligated to pay the entire fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether her case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). A "prisoner" is defined as "any person" who at the time of filing is "incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h); *Taylor*, 281 F.3d at 847.

Plaintiff must also submit a "certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court will assess an initial payment of 20% of (a) the average monthly deposits in Plaintiff's account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless she has no assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Taylor*, 281 F.3d at 850. After, the Court will direct the institution having custody to collect subsequent payments, assessed at 20% of the preceding month's income, in any

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed *IFP*. *Id.*

month in which her account exceeds $10, and forward them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

Because Plaintiff has neither paid the filing fee required by 28 U.S.C. § 1914(a) to commence a civil action, nor filed a properly supported Motion to Proceed *IFP* pursuant to 28 U.S.C. § 1915(a), her case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

## II. Conclusion and Order

Accordingly, the Court:

(1) **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the $400 civil filing and administrative fee or to submit a Motion to Proceed *IFP* pursuant to 28 U.S.C. §§ 1914(a) and 1915(a).

(2) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $400 civil filing and administrative fee in full; or (b) complete and file a Motion to Proceed *IFP* which complies with 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2(b).

(3) **DIRECTS** the Clerk of the Court to provide Plaintiff with the Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $400 civil filing fee or fully complete and submit the enclosed Motion to Proceed *IFP* within 45 days, this action will remain dismissed without prejudice based on her failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement and without further Order of the Court.

**IT IS SO ORDERED**.

Dated: February 10, 2020

Hon. John A. Houston
United States District Judge